Kenneth A. Plevan
SKADDEN ARPS SLATE
  MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Tel: (212) 735-3000

Counsel for Defendant
ARA SAFETY (US) INC.

Counsel for Defendant/Counterclaim-Plaintiff
ARA SAFETY INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - x

DSPA.NL B.V. and FLAME GUARD SALES  :
NIJMEGEN B.V.,                                              10 Civ. 03207 (LMM) (JLC)

   Plaintiffs,        :  **ECF Case**

      v.       :  **Electronically Filed**

ARA SAFETY INC.; ARA SAFETY (US)   :  **JURY TRIAL DEMANDED**
INC. and US FIRE TECH CORP.,

   Defendants.      :

- - - - - - - - - - - - - - - - - - - - - - - x

## FIRST AMENDED ANSWER TO AMENDED
## COMPLAINT AND AMENDED COUNTERCLAIMS
## OF DEFENDANTS ARA SAFETY INC. AND ARA SAFETY (US) INC.

  Defendant/Counterclaim-Plaintiff ARA Safety Inc. and Defendant ARA Safety

(US) Inc. (collectively, "ARA Safety"), by and through its undersigned counsel, Skadden, Arps,

Slate, Meagher & Flom LLP, answer the Amended Complaint dated July 23, 2010 (the

"Complaint") of DSPA.nl B.V. ("DSPA.nl") and Flame Guard Sales Nijmegen B.V. ("Flame

Guard") (collectively, "Plaintiffs"), and assert Affirmative Defenses and Counterclaims, upon

knowledge as to its own acts and otherwise upon information and belief as follows:

## ANSWER

## PARTIES

1.      ARA Safety admits the allegations in paragraph 1 of the Complaint.

2.      ARA Safety admits the allegations in paragraph 2 of the Complaint.

3.      ARA Safety, Inc. admits the allegations in paragraph 3 of the Complaint.

4.      ARA Safety (US), Inc. admits the allegations in paragraph 4 of the Complaint.

5.      ARA Safety admits the allegations in paragraph 5 of the Complaint.  EXCEPT AS SPECIFICALLY SET FORTH BELOW, ARA SAFETY DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF AS TO ALL ALLEGATIONS ASSERTED HEREIN AGAINST CO-DEFENDANT U.S. FIRE TECH.

## JURISDICTION AND VENUE

6.      ARA Safety avers that allegations in paragraph 6 in the Complaint refer to legal issues as to which ARA Safety has no obligation to respond.

7.      ARA Safety admits the allegations in paragraph 7 of the Complaint, except denies that Plaintiffs' claims are meritorious.

8.      ARA Safety admits the allegations in paragraph 8 of the Complaint.

9.      ARA Safety denies the allegations in paragraph 9 of the Complaint.

## FACTS

**A.      PLAINTIFFS' DEVELOPMENT OF PRODUCTS, SALES, MARKETING AND DISTRIBUTION UNDER PLAINTIFFS' TRADEMARKS IN THE UNITED STATES**

10.      ARA Safety denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, except admits that DSPA.nl markets dry sprinkler powder aerosol distribution systems under the mark DSPA.

11.      ARA Safety denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 11 of the Complaint.

      12.    ARA Safety denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

      13.    ARA Safety denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

      14.    ARA Safety denies the allegations in paragraph 14 of the Complaint, except admits that Flame Guard is the registered owner of said U.S. marks.

      15.    ARA Safety denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

      16.    ARA Safety denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, except admits that Plaintiffs marketed dry sprinkler powder aerosol products.

      17.    ARA Safety denies the allegations in paragraph 17 of the Complaint, specifically denying the implication that Plaintiffs have the right to sell DSPA products under the FIT mark. ARA Safety admits the statement of the intended purpose of the products, except denies that the products were free from defects.

      18.    ARA Safety denies the allegations in paragraph 18 of the Complaint, except admits the allegations properly set forth the intended purpose of DSPA.nl's products.

      19.    ARA Safety denies the allegations in paragraph 19 of the Complaint, except admits that the devices depicted are intended to be used by throwing the unit into a room in order to extinguish and/or suppress a fire.

      20.    ARA Safety denies the allegations in paragraph 20 of the Complaint, except admits that such products have been purchased and used by various fire departments throughout

the United States.

21.     ARA Safety denies the allegations in paragraph 21 of the Complaint as to FIT products and the FIT mark.  ARA Safety denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint as to DSPA products and the DSPA mark.

22.     ARA Safety admits the allegations in paragraph 22 of the Complaint, except denies any implication that the FIT marks were the property of any plaintiff herein.

23.     ARA Safety denies the allegations in paragraph 23 of the Complaint.

24.     ARA Safety denies the allegations in paragraph 24 of the Complaint.

25.     ARA Safety denies the allegations in paragraph 25 of the Complaint.

26.     ARA Safety admits the allegations in paragraph 26 of the Complaint.

27.     ARA Safety denies the allegations in paragraph 27 of the Complaint, except admits that U.S. Fire Tech Corp. was a dealer of ARA Safety as of the date of the Complaint.

28.     ARA Safety denies the allegations in paragraph 28 of the Complaint, except admits that ARA Safety transacts business in this Judicial District and at the Internet website www.arasafety.com.

29.     ARA Safety denies the allegations in paragraph 29 of the Complaint.

30.     ARA Safety denies the allegations in paragraph 30 of the Complaint, except admits that ARA Safety, pursuant to an Agency Agreement dated February 27, 2004 with an entity known as Flame Guard Sales B.V. ("FG Sales"), was contractually entitled to be exclusive distributor in the United States of certain products.

### B.     THE AGENCY AGREEMENT

31.     ARA Safety denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, except admits that a Canadian entity,

4

Flame Out Corporation, entered into an Agency Agreement with FG Sales on or around February 27, 2004.

32.     ARA Safety denies the allegations in paragraph 32 of the Complaint, except admits that assets of Flame Out Corp. were acquired by ARA Safety.

33.     ARA Safety denies the allegations in paragraph 33 of the Complaint, except admits that ARA Safety, pursuant to an Agency Agreement dated February 27, 2004 with FG Sales, was contractually entitled to be exclusive distributor in the United States of certain products.

34.     ARA Safety denies the allegations in paragraph 34 of the Complaint, except admits that the Agency Agreement provided ARA Safety with the right to use FG Sales' HCA mark.

35.     ARA Safety denies the allegations in paragraph 35 of the Complaint.

36.     ARA Safety denies the allegations in paragraph 36 of the Complaint, except admits that the allegations correctly quote from one sentence of Article 6 of the Agency Agreement.

37.     ARA Safety denies the allegations in paragraph 37 of the Complaint, except admits that the allegations in paragraph 37, correctly quote from one sentence of Article 6 of the Agency Agreement.

38.     ARA Safety denies the allegations in paragraph 38 of the Complaint, except admits that an individual or entity purporting to act on behalf of FG Sales gave notice of termination of the Agency Agreement by means of an e-mail dated June 5, 2008.

39.     ARA Safety denies the allegations in paragraph 39 of the Complaint, except admits that upon termination of the Agency Agreement, ARA Safety was prohibited from using

5

the HCA marks except on products purchased by ARA Safety from FG Sales, pursuant to the Agency Agreement or otherwise.

C.   **DEFENDANTS' UNAUTHORIZED USE OF THE DSPA AND FIT MARKS**

40.   ARA Safety denies the allegations in paragraph 40 of the Complaint.

41.   ARA Safety denies the allegations in paragraph 41 of the Complaint.

42.   ARA Safety denies the allegations in paragraph 42 of the Complaint.

43.   ARA Safety denies the allegations in paragraph 43 of the Complaint.

44.   ARA Safety denies knowledge or information sufficient to form a belief as to the allegations in paragraph 44 of the Complaint.

45.   ARA Safety denies the allegations in paragraph 45 of the Complaint.

46.   ARA Safety denies the allegations in paragraph 46 of the Complaint.

47.   ARA Safety denies the allegations in paragraph 47 of the Complaint.

48.   ARA Safety admits the allegations in paragraph 48 of the Complaint, except denies any implication that such authorization is required.

49.   ARA Safety denies the allegations in paragraph 49 of the Complaint.

50.   ARA Safety denies the allegations in paragraph 50 of the Complaint.

D.   **DEFENDANTS' TRADEMARK FILINGS AND
PETITIONS TO CANCEL PLAINTIFFS' FIT MARKS**

51.   ARA Safety admits the allegations in paragraph 51 of the Complaint.

52.   ARA Safety admits the allegations in paragraph 52 of the Complaint.

53.   ARA Safety denies the allegations in paragraph 53 of the Complaint.

54.   ARA Safety admits the allegations in paragraph 54 of the Complaint.

55.   ARA Safety admits the allegations in paragraph 55 of the Complaint.

56.   ARA Safety denies the allegations in paragraph 56 of the Complaint.

E.    **DEFENDANTS' OTHER UNLAWFUL ACTS**

57.    ARA Safety denies the allegations in paragraph 57 of the Complaint.

58.    ARA Safety denies the allegations in paragraph 58 of the Complaint, except admits that starting in August, 2009 ARA Safety used the FIT brand for DSPA units acquired from FG Sales at the same time that ARA Safety sold comparable products acquired from another source.

59.    ARA Safety denies the allegations in paragraph 59 of the Complaint.

60.    ARA Safety denies the allegations in paragraph 60 of the Complaint.

61.    ARA Safety denies the allegations in paragraph 61 of the Complaint.

62.    ARA Safety denies the allegations in paragraph 62 of the Complaint.

## COUNT I

## TRADEMARK INFRINGEMENT (DSPA MARKS)

63.    ARA Safety incorporates and realleges its responses to paragraphs 1-62 as if fully set forth herein.

64.    ARA Safety neither admits nor denies the allegations in paragraph 64 of the Amended Complaint because they consist of conclusions of law as to which no response is required.

65.    ARA Safety neither admits nor denies the allegations in paragraph 65 of the Amended Complaint because they consist of assertions of law as to which no response is required.

66.    ARA Safety denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67.    ARA Safety denies knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.     ARA Safety denies knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69.     ARA Safety denies the allegations in paragraph 69 of the Complaint.

70.     ARA Safety denies the allegations in paragraph 70 of the Complaint.

71.     ARA Safety denies the allegations in paragraph 71 of the Complaint.

72.     ARA Safety denies the allegations in paragraph 72 of the Complaint.

73.     ARA Safety denies the allegations in paragraph 73 of the Complaint.

74.     ARA Safety denies the allegations in paragraph 74 of the Complaint.

75.     ARA Safety denies the allegations in paragraph 75 of the Complaint.

76.     ARA Safety denies the allegations in paragraph 76 of the Complaint.

77.     ARA Safety denies the allegations in paragraph 77 of the Complaint.

78.     ARA Safety denies the allegations in paragraph 78 of the Complaint.

## COUNT II

## TRADEMARK INFRINGEMENT (FIT MARKS)

79.     ARA Safety incorporates and realleges its responses to paragraphs 1-78 as if fully set forth herein.

80.     ARA Safety neither admits nor denies the allegations in paragraph 80 of the Complaint because they consist of assertions of law as to which no response is required.

81.     ARA Safety neither admits nor denies the allegations in paragraph 81 of the Complaint because they consist of assertions of law as to which no response is required.

82.     ARA Safety denies as the allegations in paragraph 82 of the Complaint.

83.     ARA Safety denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint.

84.     ARA Safety denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 84 of the Complaint.

85.     ARA Safety denies the allegations in paragraph 85 of the Complaint.

86.     ARA Safety denies the allegations in paragraph 86 of the Complaint.

87.     ARA Safety denies the allegations in paragraph 87 of the Complaint.

88.     ARA Safety denies the allegations in paragraph 88 of the Complaint.

89.     ARA Safety denies the allegations in paragraph 89 of the Complaint.

90.     ARA Safety denies the allegations in paragraph 90 of the Complaint.

91.     ARA Safety denies the allegations in paragraph 91 of the Complaint.

92.     ARA Safety denies the allegations in paragraph 92 of the Complaint.

93.     ARA Safety denies the allegations in paragraph 93 of the Complaint.

94.     ARA Safety denies the allegations in paragraph 94 of the Complaint.

95.     ARA Safety denies the allegations in paragraph 95 of the Complaint.

96.     ARA Safety denies the allegations in paragraph 96 of the Complaint.

97.     ARA Safety denies the allegations in paragraph 97 of the Complaint.

## COUNT III

## UNFAIR COMPETITION UNDER THE LANHAM ACT

98.     ARA Safety incorporates and realleges its responses to paragraphs 1-97 as if fully set forth herein.

99.     ARA Safety denies the allegations in paragraph 99 of the Complaint.

100.    ARA Safety denies the allegations in paragraph 100 of the Complaint.

101.    ARA Safety denies the allegations in paragraph 101 of the Complaint.

102.    ARA Safety denies the allegations in paragraph 102 of the Complaint.

103.    ARA Safety denies the allegations in paragraph 103 of the Complaint.

104.    ARA Safety denies the allegations in paragraph 104 of the Complaint.

105.     ARA Safety denies the allegations in paragraph 105 of the Complaint, except admits that ARA Safety continues to use on its website certain images, videos, customer testimonials, and product success stories that refer to or are based on DSPA units supplied by FG Sales.

106.     ARA Safety denies the allegations in paragraph 106 of the Complaint.

107.     ARA Safety denies the allegations in paragraph 107 of the Complaint.

108.     ARA Safety denies the allegations in paragraph 108 of the Complaint.

## COUNT IV

## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

109.     ARA Safety incorporates and realleges its responses to paragraphs 1-108 as if fully set forth herein.

110.     ARA Safety neither admits nor denies the allegations in paragraph 110 of the Amended Complaint because they consist of assertions of law as to which no response is required.

111.     ARA Safety denies the allegations in paragraph 111 of the Complaint.

112.     ARA Safety denies the allegations in paragraph 112 of the Complaint.

113.     ARA Safety denies the allegations in paragraph 113 of the Complaint.

114.     ARA Safety denies the allegations in paragraph 114 of the Complaint.

115.     ARA Safety denies the allegations in paragraph 115 of the Complaint.

116.     ARA Safety denies the allegations in paragraph 116 of the Complaint.

117.     ARA Safety denies the allegations in paragraph 117 of the Complaint.

118.     ARA Safety denies the allegations in paragraph 118 of the Complaint.

## COUNT V

## COMMON TRADEMARK INFRINGEMENT

119.    ARA Safety incorporates and realleges its responses to paragraphs 1-118 as if fully set forth herein.

120.    ARA Safety neither admits nor denies the allegations in paragraph 120 of the Complaint because they consist of assertions of law as to which no response is required.

121.    ARA Safety denies the allegations in paragraph 121 of the Complaint.

122.    ARA Safety denies the allegations in paragraph 122 of the Complaint.

123.    ARA Safety denies the allegations in paragraph 123 of the Complaint.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

124.    ARA Safety incorporates and realleges its responses to paragraphs 1-123 as if fully set forth herein.

125.    ARA Safety denies the allegations in paragraph 125 of the Complaint.

126.    ARA Safety denies the allegations in paragraph 126 of the Complaint.

127.    ARA Safety denies the allegations in paragraph 127 of the Complaint, except admits that ARA Safety continues to display on its website certain images, videos, customer testimonials, and product success stories.

128.    ARA Safety denies the allegations in paragraph 128 of the Complaint.

129.    ARA Safety denies the allegations in paragraph 129 of the Complaint.

130.    ARA Safety denies the allegations in paragraph 130 of the Complaint.

131.    ARA Safety denies the allegations in paragraph 131 of the Complaint.

132.    ARA Safety denies the allegations in paragraph 132 of the Complaint.

133.    ARA Safety denies the allegations in paragraph 133 of the Complaint.

134.     ARA Safety denies the allegations in paragraph 134 of the Complaint.

## COUNT VII

## DECEPTIVE TRADE PRACTICES (N.Y. GENERAL BUSINESS LAW § 349)

135.     ARA Safety incorporates and realleges its responses to paragraphs 1-134 as if fully set forth herein.

136.     ARA Safety admits the allegations in paragraph 136 of the Complaint.

137.     ARA Safety denies the allegations in paragraph 137 of the Complaint.

138.     ARA Safety denies the allegations in paragraph 138 of the Complaint.

139.     ARA Safety denies the allegations in paragraph 139 of the Complaint.

140.     ARA Safety denies the allegations in paragraph 140 of the Complaint.

141.     ARA Safety denies the allegations in paragraph 141 of the Complaint.

## COUNT VIII

## DECLARATORY RELIEF (DECLARATORY JUDGMENT ACT)

142.     ARA Safety incorporates and realleges its responses to paragraphs 1-141 as if fully set forth herein.

143.     ARA Safety admits the allegations in paragraph 143 of the Complaint.

144.     ARA Safety denies the allegations in paragraph 144 of the Complaint, except admits that ARA Safety is the proper owner of the FIT Marks.

145.     ARA Safety denies the allegations in paragraph 145 of the Complaint.

146.     ARA Safety denies the allegations in paragraph 146 of the Complaint.

147.     ARA Safety denies the allegations in paragraph 147 of the Complaint.

148.     ARA Safety admits the allegations in paragraph 148 of the Complaint.

149.     ARA Safety denies the allegations in paragraph 149 of the Complaint.

## COUNT IX

## CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 3,624,951

150.     ARA Safety incorporates and realleges its responses to paragraphs 1-149 as if fully set forth herein.

151.     ARA Safety neither admits nor denies the allegations in paragraph 151 of the Complaint because they consist of assertions of law as to which no response is required.

152.     ARA Safety denies the allegations in paragraph 152 of the Complaint.

153.     ARA Safety denies the allegations in paragraph 153 of the Complaint.

154.     ARA Safety denies the allegations in paragraph 154 of the Complaint.

155.     ARA Safety denies the allegations in paragraph 155 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

156.     Each and every claim in the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

157.     Each and every claim in the Complaint, and the relief requested in each, is barred in whole or in part by each Plaintiff's unclean hands.

## THIRD AFFIRMATIVE DEFENSE

158.     Each and every claim in the Complaint, and the relief requested in each, is barred in whole or in part by each Plaintiff's intentional or negligent misrepresentations.

## FOURTH AFFIRMATIVE DEFENSE

159.     The United States trademark registrations for the trademarks FIT and FIT5 are invalid in that plaintiff Flame Guard, the registered owner, (i) never had any intent to use said marks in the United States, (ii) has not used said marks, i.e. has abandoned any rights it may

13

have had, and (iii) was not a party to the Agency Agreement.

## FIFTH AFFIRMATIVE DEFENSE

160.   Plaintiff Flame Guard does not have standing to assert any of the claims it asserts in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

161.   Each and every allegation and claim in the Complaint is barred in whole or in part due to each Plaintiff's failure to mitigate any alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

162.   Each and every allegation and claim in the Complaint is barred by the doctrines of estoppel, waiver, and laches.

## EIGHTH AFFIRMATIVE DEFENSE

163.   OFFSET – As to any claims for damages asserted by Plaintiffs, ARA Safety is entitled to an offset due to the delivery of defective products by Plaintiffs or their affiliates, in the amount that ARA Safety was or is required to incur for reasonable and necessary repair of said products.

## NINTH AFFIRMATIVE DEFENSE

164.   ARA Safety hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its right to amend its Answer and assert all such additional defenses.

## COUNTERCLAIMS

### Parties

165.   Counterclaim – Plaintiff ARA Safety, Inc. ("ARA Safety") is a corporation duly organized and existing by virtue of the laws of Canada, with its principal place of business at 1295 Johnston Street, Vancouver, BC  V6H 3R9.  Its wholly-owned subsidiary, ARA Safety

(US), Inc. ("ARA Safety-US") is a Delaware corporation.

166.    Counterclaim – Defendant (and plaintiff) Flame Guard Sales Nijmengen B.V. ("Flame Guard") is a corporation duly organized and existing under the laws of the Netherlands, located at Hulzenseweg 10-20 NL-6534 Nijmegen, Netherlands. Said entity was officially formed under the laws of the Netherlands on May 31, 2007.

167.    Counterclaim – Defendant (and plaintiff) DSPA.nl B.V. ("DSPA.nl") is a corporation duly organized and existing under the laws of the Netherlands, located at Hulzenseweg 10-20 NL-6534 AN Nijmegen, Netherlands. Said entity was officially formed under the laws of the Netherlands on June 26, 1985.

168.    Counterclaim – Defendant (and plaintiff in the initial Complaint herein dated April 15, 2010 ("Apr. 15, 2010 Complaint")) AFG Group B.V. ("AFG") is a corporation duly organized and existing under the laws of the Netherlands, located at Hulzenseweg 10-20 NL-6534 AN Nijmegen, Netherlands. Said entity was formed under the laws of the Netherlands on May 31, 2007.

169.    AFG, as a plaintiff in the Apr. 15, 2010 Complaint, was previously properly named as a Counterclaim – Defendant in ARA Safety's Answer, Affirmative Defenses and Counterclaims dated June 29, 2010, which was properly served on AFG. This Court, accordingly, has jurisdiction over AFG as a Counterclaim – Defendant.

170.    AFG was subsequently dropped as a plaintiff herein in Plaintiffs' Amended Complaint.

171.    In the Apr. 15, 2010 Complaint, AFG was alleged to be "the parent company of DSPA.nl B.V. and Flame Guard Sales Nijmengen B.V.," (Apr. 15, 2010 Complaint ¶ 14), and a proper party plaintiff to each of the claims asserted therein.

### Agency Agreements

172.    On or about February 27, 2004, a Canadian entity, Flame Out Corporation, entered into an Agency Agreement with FG Sales covering the territory of the United States. ("U.S. Agency Agreement.")  A copy of said Agreement is Exhibit 1 hereto.

173.    FG Sales was an affiliate of one or more Counterclaim-Defendants, and/or under common ownership with said entity or entities.

174.    FG Sales was dissolved on or about May 8, 2007, without notice to ARA Safety, and ARA Safety did not learn of said dissolution until after the filing of this lawsuit.

175.    On or about February 27, 2004, Flame Out Corporation and FG Sales entered into a Agency Agreement comparable to the U.S. Agency Agreement covering the territory of Canada.  ("Canadian Agency Agreement.") (The two are referred to collectively as the "Agency Agreements.")

176.    Under the provisions of the Agency Agreements, the law applicable was the Law of the Netherlands.

177.    In 2004, the assets of Flame Out Corporation were purchased by an entity known as Zero Combustion Ltd.

178.    The Agency Agreements were assigned by Flame Out Corporation to Zero Combustion Ltd. by virtue of a written Assignment Agreement dated as of June 1, 2004.  Said assignments were later consented to in writing by means of an undated document executed by FG Sales in early 2007.

179.    By means of a Distribution Agreement Amendment dated February 1, 2007, between FG Sales and Zero Combustion Ltd., a British Columbia corporation, the term of each Agency Agreement was extended.

180.    In 2007, Zero Combustion Ltd. changed its name to ARA Safety, Inc., and said

16

entity will hereafter be referred to as ARA Safety.

181.   On June 5, 2008, more than a year after FG Sales had been dissolved, an individual by the name of Frans Vogelzangs gave notice of termination of the two Agency Agreements by means of an e-mail dated June 5, 2008.  (See Exhibit 2 hereto.)

182.   As Frans Vogelzangs is the principal officer of each of the three Counterclaim-Defendants and was the principal officer of FG Sales, it is unclear which entity purported to effectuate the termination of the two Agency Agreements.

183.   Under the terms of the Agency Agreements, FG Sales was to supply certain fire retardant products branded with the mark "HCA" to ARA Safety for distribution and sale in the United States and Canada.

184.   Products purchased by ARA Safety from FG Sales were distributed by ARA Safety through a network of dealers in the United States and Canada.

185.   The HCA products supplied by FG Sales proved to be unmarketable in the U.S. and Canadian markets.  ARA Safety also began to purchase from FG Sales a line of "dry sprinkler powder aerosol" extinguishing systems, or DSPAs.  Said devices are intended to be used by throwing the unit into a room in order to extinguish and/or suppress a fire.

186.   ARA Safety has incurred the expense of replacing defective ignition systems in many of the DSPA devices supplied to it by FG Sales or a related entity masquerading as FG Sales after the latter's dissolution.

187.   FG Sales and its principals represented to ARA Safety that it or one of its affiliated companies located in the Netherlands was the manufacturer of DSPA devices sold to ARA Safety.  This was a material misrepresentation, in that as ARA Safety later learned, Counterclaim-Defendant DSPA.nl actually obtained DSPA devices from a third-party entity that

manufactured them in Moscow, Russia.

## TRADEMARKS

188.    Initially, ARA Safety sold DSPA devices purchased from FG Sales under the name/mark "DSPA."  Because DSPA was not an effective brand name, ARA Safety, with the assistance of one of its consultants, developed and began to use a new family of marks on the DSPA products.  Said family included "Fire Interruption Technology," "FIT," "FIT-5," and "FIT-Pro."  (The "FIT family of marks.")

189.    FG Sales was aware of the use by ARA Safety and ARA Safety-US of the FIT family of marks on DSPA products supplied by FG Sales, and never objected to said use.

190.    Without notice to ARA Safety, Counterclaim-Defendant Flame Guard obtained trademark registrations on FIT and FIT5 marks in Europe and in the United States.  ARA Safety only learned of said registrations, and Flame Guard's claim of ownership of the FIT family of marks, when ARA Safety attempted to register said marks.

191.    ARA Safety-US owns U.S. federal registration no. 3,624,951 for the mark "Fire Interruption Technology," registered May 19, 2009.

192.    ARA Safety and ARA Safety-US own common law rights in the marks Fire Interruption Technology, FIT, FIT-5, and FIT Pro, in the United States and Canada.

193.    Counterclaim-Defendant Flame Guard obtained a U.S. Federal Registration for the mark "FIT," Registration No. 3,572,798 (registered February 10, 2009); and a U.S. Federal Registration for the mark FIT5, Registration No. 3,619,548 (registered May 12, 2009) (collectively, the "FIT Mark Registrations.")

## TORTIOUS INTERFERENCE WITH
## ADVANTAGEOUS BUSINESS RELATIONS

194.    As of May 12, 2010, ARA Safety had business relations with approximately 30

U.S. dealers, each distributing ARA Safety's fire interruption technology products.

195.    On or about May 12, 2010, the law firm of Collen IP, as attorneys for the Counterclaim-Defendants, sent letters to numerous ARA Safety dealers.  Examples of those letters are attached as Exhibit 3 hereto (the "May 12 Letters").

196.    The May 12 Letters establish that Counterclaim-Defendants knew that each recipient was a customer of ARA Safety with respect to products bearing the FIT family of marks.

197.    The May 12 Letters asserted that Counterclaim-Defendant Flame Guard was the owner of the FIT Family of Marks, including but not limited to the marks FIT Pro and Fire Interruption Technology.

198.    The May 12 Letters threatened to join ARA Safety dealers as parties to the instant lawsuit in the Southern District of New York if said dealers did not agree to Counterclaim-Defendants' demands made therein.  This threat was made in bad faith, inasmuch as it was sent to dealers who were not subject to jurisdiction in this district.

199.    The May 12 Letters were sent in bad faith in an effort to intimidate those ARA Safety dealers, intentionally interfere with their business relations with ARA Safety, and induce said dealers to cease ordering from ARA Safety fire interruption technology products.

200.    On or about June 9, 2010, the law firm of Collen IP sent on behalf of Counterclaim-Defendants follow-up letters to ARA Safety dealers.  Examples of those letters are attached as Exhibit 4 hereto (the "June 9 Letters").

201.    The June 9 Letters were sent in bad faith in an effort to intimidate those ARA Safety dealers, intentionally interfere with their business relations with ARA Safety, and induce said dealers to cease ordering from ARA Safety fire interruption technology products.

202.    The June 9 Letters asserted in bad faith a bogus "trade dress" claim against those ARA Safety dealers.

203.    Counterclaim-Defendants in effect have conceded that the trade dress claim asserted in the June 9 Letters is without merit as said claim was not asserted in the Amended Complaint herein, notwithstanding Defendants' contention asserted in their June 29, 2010 pleading that the trade dress claim was bogus.

204.    As a direct result of the May 12 Letters and June 9 Letters, many of ARA Safety's dealers, including specifically KAIR Inc., FireSafe Associates, and Firefighter One, have ceased purchasing fire interruption technology products from ARA Safety that they otherwise would have purchased.

205.    Similarly, numerous other dealers, to be identified during discovery, have ceased purchasing products from ARA Safety as a direct result of the May 12 and June 9 Letters.

**FALSE AND MISLEADING ADVERTISING**

206.    Counterclaim-Defendants have disseminated advertising claims in interstate commerce that are literally false, false by necessary implication and/or misleading.

207.    On DASPA.nl's website, it is asserted that "DSPA.nl produces its DSPA, DSPA-5, FIT and FIT-5 branded products at _its_ plant location in Europe." (See Exhibit 5 hereto) (emphasis added).  Said claim has been disseminated by other means to customers of fire interruption technology products.

208.    Said statement is false, false by necessary implication, and/or misleading as Counterclaim-Defendants do not produce DSPA, DSPA-5, FIT and FIT-5 branded products "at its plant location in Europe" as claimed in DSPA.nl's website, but rather source said products from a third-party entity located in Moscow, Russia.

209.    Counterclaim-Defendants have disseminated, or caused to be disseminated to

20

purchasers of fire interruption technology products the following false claims: (i) that ARA Safety would not be able to fulfill orders of fire interruption technology products because ARA Safety allegedly did not have a reliable source of supply of such products, and (ii) that ARA Safety would soon be out of business.

210.    These false statements were made to customers of fire interruption technology products.

211.    All of Counterclaim-Defendants' false and/or misleading claims challenged herein relate to matters that are material and important to a consumer's purchasing decision.

## FIRST COUNTERCLAIM

### Common Law Tortious Interference with
### Advantageous Business Relations

212.    ARA Safety repeats and realleges the allegations in paragraphs 165 - 211 as if fully set forth herein.

213.    The law firm of Collen IP sent May 12 Letters and June 9 Letters to ARA Safety dealers nationwide.  Said letters were sent on behalf of all three Counterclaim-Defendants.

214.    Specifically, Counterclaim-Defendants, aware of ARA Safety's valid business relations and arrangements with KAIR Inc., FireSafe Associates, and Firefighter One, with respect to the distribution of fire interruption technology products, sent said dealers the May 12 Letters and the June 9 Letters, thereby intentionally interfering with those relations and/or expected contractual advantages.

215.    The May 12 Letters were sent by Counterclaim-Defendants solely to injure ARA Safety, as material assertions made therein cannot reasonably be considered part of a good-faith effort to protect Counterclaim-Defendants' trademark rights, since Counterclaim-Defendants' threats of joinder made therein were untrue.

216.    The June 9 Letters were sent by Counterclaim-Defendants solely to injure ARA Safety, as material assertions made therein cannot reasonably be considered part of a good-faith effort to protect Counterclaim-Defendants' trademark rights, since Counterclaim-Defendants' trade dress claim was a bogus claim.

217.    The May 12 Letters and the June 9 Letters constitute wilful and malicious acts of tortious interference with advantageous business relations.

218.    As a direct and proximate cause of the May 12 Letters and the June 9 Letters, KAIR Inc., FireSafe Associates, and Firefighter One, as well as other ARA Safety dealers located in the United States to be identified in discovery, have ceased purchasing fire interruption technology products from ARA Safety that they otherwise would have purchased.

219.    As a result, ARA Safety has suffered a significant loss in sales.

220.    ARA Safety is suffering irreparable injury in that aspects of its damages occasioned by Plaintiffs' tortious conduct cannot be fairly ascertained and quantified.

## SECOND COUNTERCLAIM

### Cancellation of Registered Trademarks

221.    ARA Safety repeats and realleges the allegations in paragraphs 165 - 211 as if fully set forth herein.

222.    Flame Guard is not the lawful owner of the marks FIT or FIT5.

223.    ARA Safety and ARA Safety-US are the proper owners of the marks Fire Interruption Technology, FIT, FIT-5, and FIT-Pro and the continued use and registration of the marks FIT and FIT5 by Counterclaim – Defendants (and plaintiffs) for similar goods is likely to cause consumer confusion and harm ARA Safety and ARA Safety-US's interest in these marks.

224.    The United States trademark registrations for the trademarks FIT and FIT5 are invalid in that plaintiff Flame Guard, the registered owner, (i) never had any intent to use said

marks in the United States, (ii) has not used said marks in the United States, and/or has

abandoned any rights it may have had in the marks, and (iii) was not a party to the Agency

Agreement.

225.    The FIT Mark Registrations should alternatively be cancelled under 15 U.S.C. §

1051, because Flame Guard misrepresented to the United States Patent and Trademark Office

that (i) it was entitled to use the FIT and FIT5 marks in the United States, and that to the best of

its knowledge no other entity had the right to use such marks, and (ii) Flame Guard intended to

use the FIT marks in the United States, when in fact it never intended to use them and has not

used them.

## THIRD COUNTERCLAIM

### Breach of Warranty

226.    ARA Safety repeats and realleges the allegations in paragraphs 165 - 211 as if

fully set forth herein.

227.    AFG was formed at or around the same time FG Sales was dissolved, and is the

successor in interest to the business and assets of FG Sales.

228.    ARA Safety is entitled to recover from Counterclaim-Defendants the costs ARA

Safety has and will incur in repairing defective DSPA units obtained from FG Sales or a related

company acting in place of FG Sales.

## FOURTH COUNTERCLAIM

### Violations of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)
### (False and Misleading Advertising)

229.    ARA Safety hereby repeats and realleges the allegations in paragraphs 165 - 211

as if fully set forth herein.

230.    Counterclaim-Defendants' advertising claims described herein, disseminated

directly by Counterclaim-Defendants, or by their agents on their behalf, violate Section 43(a) of the Lanham Act, which prohibits Counterclaim-Defendants from using false and/or misleading descriptions of fact or representations of fact that misrepresent the nature, characteristics or qualities of its products or services or those of ARA Safety.  These false and/or misleading claims include that:  (i) DSPA.nl produces its DSPA, DSPA-5, FIT and FIT-5 branded products in its plant located in Europe; (ii) ARA Safety would not be able to fulfill orders of fire interruption technology products because ARA Safety allegedly did not have a reliable source of supply of such products; and (iii) ARA Safety would soon be out of business.

231.    The false and/or misleading claims challenged herein in Counterclaim-Defendants' advertising and marketing, or those of their agents, are highly material to purchasing decisions of customers for fire interruption technology products.

232.    As a direct result of Counterclaim-Defendants' false and/or misleading advertising, ARA Safety has suffered a significant loss in sales.

233.    ARA Safety is suffering irreparable injury in that aspects of its damages occasioned by Plaintiffs' tortious conduct cannot be fairly ascertained and quantified until trial.

234.    Counterclaim-Defendants' conduct is willful, knowing, and malicious.

**NOTICE OF INTENT TO
RELY ON FOREIGN LAW**

235.    Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, ARA Safety hereby gives Plaintiffs notice of the intent of ARA Safety and ARA Safety-US to rely on the laws of the Netherlands in connection with the interpretation of the Agency Agreements.

**DEMAND FOR JURY TRIAL**

236.    ARA Safety hereby demands a trial by Jury on all issues so triable.

**WHEREFORE,** ARA Safety and ARA-US demand judgment in their favor as follows:

A.      Dismissing each of Plaintiffs' claims asserted herein, and awarding to ARA Safety and ARA Safety-US their costs and reasonable attorneys' fees incurred in defending against Plaintiffs' claims.

B.      On ARA Safety's Counterclaims:

(i)      Judgment in its favor on its First Counterclaim that Counterclaim-Defendants tortiously interfered with ARA Safety's advantageous business relations with its dealers in the United States, and awarding ARA Safety damages caused by Counterclaim-Defendants' tortious conduct in an amount to be determined at trial, including punitive damages.

(ii)     Judgment in its favor on its Second Counterclaim, ordering the cancellation of Flame Guard's FIT Trademark Registrations.

(iii)    Awarding ARA Safety damages on its Third Counterclaim, for Counterclaim-Defendants' breach of warranty in an amount to be determined at trial.

(iv)     Judgment in its favor on its Fourth Counterclaim, that Counterclaim-Defendants violated section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and awarding ARA Safety damages caused by Counterclaim-Defendants' false and/or misleading advertising and marketing statements in the amount to be determined at trial.

C.  In favor of ARA Safety and ARA Safety-US for such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
         September 15, 2010

                                    Respectfully submitted,

                                    /s/ Kenneth A. Plevan
                                    Kenneth A. Plevan
                                    kenneth.plevan@skadden.com
                                    SKADDEN, ARPS, SLATE,
                                        MEAGHER & FLOM LLP
                                    Four Times Square
                                    New York, NY 10036
                                    Tel: (212) 735-3000
                                    Fax: (212) 735-2000

                                    Scott D. Brown
                                    scott.brown@skadden.com
                                    SKADDEN, ARPS, SLATE,
                                        MEAGHER & FLOM LLP
                                    One Beacon Street
                                    Boston, MA  02108-3194
                                    Tel:  (617) 573-4800
                                    Fax:  (617) 573-4822

                                    Counsel for Defendant,
                                    ARA SAFETY (US) INC.

                                    Counsel for Defendant/Counterclaim-Plaintiff,
                                    ARA SAFETY INC.