```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x

DSPA.NL B.B., FLAME GUARD SALES     :
NIJMEGEN B.V. and AFG GROUP B.V.,
                                    :
              Plaintiffs,              10 Civ. 3207 (LMM)
                                    :
         - against -                   MEMORANDUM AND ORDER
                                    :
ARA SAFETY INC., ARA SAFETY (US)
INC. and U.S. FIRE TECH CORP.,      :

              Defendants.           :

-----------------------------------x
```

McKENNA, D.J.

**1.**

Defendants ARA Safety Inc. and ARA Safety (US) Inc. (hereinafter collectively "ARA") move, pursuant to Fed. R. Civ. P. 60(b), for an order vacating the default judgment entered against them on May 20, 2011 (Docket No. 63), awarding plaintiffs damages in the amount of $1,407,226.53 and dismissing ARA's counterclaims. The default resulted from ARA's financial inability to continue to pay original counsel or to show the ability to pay successor counsel, together with the Court's denial of the application of an ARA board member, not admitted to the practice of law, to be allowed to represent ARA in court in this litigation.[1]

---

[1] "[A] lay person may not represent a separate legal entity such as a corporation." Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (citations omitted). See also, Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010).

Fed. R. Civ. P. 55(c) provides that: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides, in relevant part, that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6). The motions must be made within a "reasonable time" and (in the case of ground (1), just quoted, within a year of the judgment. Id. (c)(1).)

"[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' and the criteria of the Rule 60(b) set aside should be construed generously." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted). The factors to be assessed on a motion to relieve a party from a default or default judgment are "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Id. (citations omitted). "[D]elay alone is not a sufficient basis for establishing

prejudice." <u>Davis v. Musler</u>. 713 F.2d 907, 916 (2d Cir. 1983) (citation omitted).

In evaluating a motion to vacate a default, a court should consider "whether the entry of default would lead to a harsh result or to the entry of a large money judgment." <u>Sony Corp. v. Elm State Electronics, Inc.</u>, 800 F.2d 317, 320 (2d Cir. 1986) (citations omitted).

**2.**

Here, the default was willful in the sense that it was not the result of a mistake; that willfulness was occasioned, however, only by the economic inability to retain counsel.[2]

As to prejudice, plaintiffs' case is not compelling. While they cite to business activities they have engaged in in reliance on the default, they do not show how, if they are wrong on the merits, they will be prejudiced by having to cease those activities. Plaintiffs also cite to the possibility of lost evidence and witnesses, without specificity, however. As to the cost of obtaining the default and opposing the present motion, a reasonable amount will be awarded them in recompense. (<u>See</u> below.)

---

[2] Plaintiffs argue that ARA, even without counsel, should have responded to discovery requests and a deposition notice, but the evident relative complexity of this case would surely have rendered doing so highly prejudicial to the <u>pro se</u> defendants.

3

As to a meritorious defense, a party "seeking to vacate a default judgment need not conclusively establish the validity of the defense(s) asserted. . . ." Davis, 713 F.2d at 916 (citations omitted). ARA has, however, shown that its position is not frivolous.[3] (Mem. in Opp. to Counterclaim - Defs. Mot. to Dismiss ARA Safety's Am. Counterclaims, passim.) The motion was made, if barely, within a year of the default judgment.[4]

**3.**

In the totality of the circumstances, the default is vacated, upon the following conditions:

1. ARA, within 30 days of the date hereof, is to reimburse plaintiffs for their costs, including plaintiffs' counsels' fees in obtaining the default and opposition to the present motion.

2. ARA, within 30 days of the date hereof, is to provide a bond in the amount of $500,000, to secure the satisfaction of any final judgment obtained by plaintiff against ARA Safety, Inc. or ARA Safety (US) Inc.

3. ARA is to promptly comply with (or object to) all outstanding discovery requests and deposition notices.

---

[3] The Court does not, here, attempt to project a winner of this complex litigation.

[4] The motion was filed on May 18, 2012 (Docket No. 65).

**4.**

The matter will be referred to a Magistrate Judge who will have full authority to set any (including a final) discovery cutoff date.

Dated: August 21, 2012

SO ORDERED.

_____
Lawrence M. McKenna
U.S.D.J.